# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN CHRISTOPHER COVEY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:18-cv-01121-JHE |
| | ) | |
| **COLONIAL PIPELINE** | ) | |
| **COMPANY, a corporation,** | ) | |
| **and L.E. BELL CONSTRUCTION** | ) | |
| **COMPANY, INC., a corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION TO COMPEL AND ENFORCE SETTLEMENT

Comes now the Plaintiff, John Christopher Covey, and files this Motion to Compel and Enforce Settlement requesting that the Defendants and/or Defendants' Insurance Company to provide a settlement check in this matter. As grounds therefore, Plaintiff states as follows:

1. On or about November 3, 2021, an amicable resolution was reached between this Plaintiff and the Defendants. The settlement terms are confidential.

2. Defendants drafted and provided Plaintiff with a settlement release which has been executed and returned to the Defendants.

3. To date, the settlement funds have not been provided to Plaintiff. It has been nearly three months since this case was resolved.

4. Under Alabama law settlement agreements entered in to between parties are binding and should be summarily enforced. <u>Mays v. LeCraw & Co., Inc.</u>, 807 So.2d 551 (Ala. Civ. App. 2001). The law in Alabama is clear in that agreements made in settlement of litigation are as binding on parties thereto as any other contract. A settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced. <u>Nero v. Chastang</u>, 358 So.2d 740, 743 (Ala. Civ.App.1978).

5. Counsel for Plaintiff has attempted to confer with counsel for the defendants. However, this conflict is unable to be resolved without this Honorable Court's assistance.

6. Generally speaking, under Alabama law, when no time is described for a performance of an act pursuant to a contract, the law requires it to be done in a reasonable time. There is simply no excuse for why this check has not been made available to Plaintiff's counsel.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests this Honorable Court to enter an order compelling the Defendants or the Defendants' Insurance Company to deliver the settlement check to Plaintiff's counsel within seven (7) days, and in addition thereto, **plus interest** and reasonable

expenses associated with the cost of having to file this motion with this Honorable Court.

Respectfully Submitted,

*s/    G. Whit Drake*
G. WHIT DRAKE (ASB-0212-A63G)
Attorney for Plaintiff

Of Counsel:
DRAKE LAW FIRM
Two Perimeter Park South
Suite 510 East
Birmingham, Alabama 35243
(205) 970-0800

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on the 24th day of January, a true and correct copy of the foregoing has been served on all parties to this action by e-file using the Court's CM/ECF system and/or by placing a copy of same in the U.S. Mail, first-class postage prepaid and properly addressed as follows:

Alan D. Mathis
Lem Montgomery
Matthew A. Barley
Butler Snow LLP
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203

Charles A. Burkhart
Sean W. Shirley
Katie C. Hill
Balch & Bingham LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203-4642

*s/ G. Whit Drake*
OF COUNSEL